

CJ-2021-269-

Ogden

## DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| DAVID ESTRADA, | ) | **FILED IN DISTRICT COURT** |
| | ) | **OKLAHOMA COUNTY** |
| Plaintiff, | ) | |
| | ) | JAN 21 2021 |
| v. | ) | Case no. _____ |
| | ) | RICK WARREN |
| BILL DAVIS TRUCKING INC.; | ) | COURT CLERK |
| IAT INSURANCE GROUP; and | ) | 111 _____ |
| ROGER LYNN CANARD, an individual, | ) | CJ-2021-269 |
| | ) | |
| Defendants. | ) | |

### PETITION

COME NOW Plaintiff, David Estrada ("Plaintiff"), by and through his counsel of records, and for his causes of action against Defendants above-named alleges and states:

### PARTIES

1. Plaintiff, David Estrada is a resident of the City of El Reno, County of Canadian, State of Oklahoma.

2. Upon information and belief, Defendant Bill Davis Trucking, Inc. ("Bill Davis Trucking") is an Arkansas corporation with its principal place of business in Batesville, Arkansas and at all times relevant hereto was engaged in some form of employment or business relationship with Roger Lynn Canard, such that, Roger Lynn Canard, was driving a truck owned by Bill Davis Trucking that collided with Plaintiff's vehicle on or about April 3, 2019, on Interstate 40 westbound near Interstate 44 in Oklahoma City, Oklahoma.

3. Defendant, Bill Davis Trucking, is a "transportation company" as that term is defined by Art. IX § 34 of the Oklahoma Constitution.

4. Defendant, IAT Insurance Group, is a foreign insurer domiciled in North Carolina and was, upon information and belief, at the time of the events giving rise to this litigation the

liability insurance carrier for Defendants, Bill Davis Trucking and Defendant, Canard and is joined herein pursuant to OKLA. STAT. tit. 47, §230.30 and is, by operation of law, jointly liable with Defendant, Bill Davis Trucking and Defendant, Canard for Plaintiff's injuries and damages sought herein.

5. Defendant, Roger Lynn Canard ("Defendant Canard"), upon information and belief, was a resident of the State of Arkansas at the time of the collision giving rise to this lawsuit, and further that at all time relevant was an employee, agent, servant and/or joint venturer with Defendant Bill Davis Trucking, Inc., and was the operator of the tractor trailer that collided with Plaintiff on Interstate 40 near Interstate 44 in Oklahoma City, Oklahoma.

## JURISDICTION AND VENUE

6. Venue is proper in this county pursuant to OKLA. STAT. tit. 12, §135 and §141(2).

7. The Defendants, and each of them, have regular and systematic contacts with the State of Oklahoma and Plaintiff's causes of action arise from the Defendants' forum related activities; therefore, *in personam* jurisdiction exists in this Court and this Court has specific jurisdiction over the Defendants.

## GENERAL ALLEGATIONS

8. On or about April 3, 2019, at approximately 5:34 p.m., Defendant, Bill Davis Trucking, Inc., by and through its contractor, agent, servant, joint venturer and/or employee Defendant Canard, was operating a 2019 Peterbilt semi-tractor pulling a trailer owned by, or leased-on to, or otherwise affiliated with and operating under the direction and/or control of Defendant Bill Davis Trucking, Inc. on westbound Interstate 40 at or near Interstate 44 in Oklahoma County, Oklahoma.

9. On April 3, 2019, Defendant Canard was employed and/or otherwise engaged in a business venture with Defendant Bill Davis Trucking, Inc. and was operating in the course and scope of his employment/venture as he drove the semi-tractor and trailer on westbound Interstate 40 at or near Interstate 44 in Oklahoma County, Oklahoma.

10. At approximately 5:34 p.m. on April 3, 2019, Defendant Canard, individually and/or on behalf of Bill Davis Trucking, was traveling westbound in the inside lane of Interstate 40 in Oklahoma County, Oklahoma when Defendant Canard rear-ended the vehicle driven by Plaintiff Estrada, causing the vehicle Plaintiff Estrada was driving to impact the rear of the vehicle in front of him and causing impact to the front and rear end of Plaintiff Estrada's vehicle.

11. At the above-mentioned time and place, Defendant Canard, operating by and through Defendant Bill Davis Trucking, negligently, recklessly and carelessly:

    a. Failed to keep a proper lookout for vehicles in front of him;

    b. Failed to maintain a proper and safe speed;

    c. Failed to operate his semi-truck in a reasonably careful manner so as to avoid a collision.

12. As a direct and proximate cause and consequence of said collision, Plaintiff Estrada was severely injured.

13. At all times relevant hereto, Defendant Canard and Defendant Bill Davis Trucking had a duty to operate the Truck with the requisite degree of care, skill and prudence.

14. As a regulated motor carrier registered with the United States Department of Transportation, Defendant Bill Davis Trucking and its agents, servants or employees, were subject to and required to obey the rules, regulations and governing provisions of the Federal Motor Carrier Safety Administration, codified at 49 CFR §§ 301-399.

15. As a holder of a commercial driver's license (CDL), Defendant Canard, in the operation of a commercial motor vehicle, was subject to and required to obey the rules, regulations and governing provisions of the Federal Motor Carrier Safety Administration, codified at 49 CFR §§ 301-399.

16. As set forth in the Federal Motor Carrier Safety Regulations, codified at 49 CFR §§ 301-399, Defendant Bill Davis Trucking had a duty to retain, employ, or authorize qualified drivers to operate commercial motor vehicles, and further had a duty to train and supervise their drivers to prevent unqualified, dangerous drivers from operating commercial motor vehicles and protect the public.

17. At all times relevant hereto, Defendant Canard, individually and/or on behalf of Defendant Bill Davis Trucking, had a duty to abstain from injuring the person of another and infringing upon any rights of another.

18. Further, Defendant Bill Davis Trucking had a duty to entrust its commercial motor vehicles and trailers to qualified, competent, and safe drivers to prevent unqualified, incompetent, or dangerous drivers from operating commercial motor vehicles and protect the public.

19. Plaintiff brings this action pursuant to applicable law and as such bring this action on individually and in representative capacity and on behalf of all others entitled to recover under such statutes and bring this action to recover all damages allowable by law including but not limited to damages for the reasonable value of all recovery, including punitive damages.

## COUNT I:
## NEGLIGENCE

20. Plaintiff realleges and reincorporates all previous paragraphs as though fully set forth herein.

21. The collision between the semi-tractor and trailer driven by Defendant Canard for the benefit of Defendant Bill Davis Trucking was a direct and proximate result of the conduct of Defendant Canard, individually and/or on behalf of Bill Davis Trucking, Inc.

22. Further, the collision between the semi-tractor and trailer driven by Defendant Canard for the benefit of Defendant Bill Davis Trucking, Inc. was a direct and proximate result of Defendants' failure to use reasonable and ordinary care and negligent, reckless, and careless conduct.

23. Further, the collision between the semi-tractor and trailer driven by Defendant Canard for the benefit of Defendant Bill Davis Trucking, Inc. was a direct and proximate result of the collision and injuries sustained by Plaintiff Estrada.

24. As a direct and proximate result of the aforesaid occurrence, acts and omissions of the Defendants, the Plaintiff herein has suffered the following harms and losses:

   a. physical pain and suffering, past and future;

   b. mental pain and suffering, past and future;

   c. physical impairment; and/or

   d. Loss of earnings/time.

25. The aforesaid conduct of the Defendant Bill Davis Trucking, Inc. and Defendant Canard, individually and/or on behalf of Bill Davis Trucking, Inc. constitutes a deliberate disregard for the rights and safety of others for which Plaintiff seeks punitive damages pursuant to Oklahoma law.

## COUNT II:
## NEGLIGENCE *PER SE* AGAINST DEFENDANT BILL DAVIS TRUCKING AND DEFENDANT CANARD

26. Plaintiff realleges and reincorporates all previous paragraphs as though fully set forth herein.

27. Defendant Canard, in the operation of the semi-tractor, had a duty to follow Oklahoma's Rules of the Road, codified at OKLA. STAT. tit. 47, § 11-101, et seq.

28. As set forth in Oklahoma's Rules of the Road, Defendant Canard, in the operation of the semi-tractor on Oklahoma roads, had a duty to:

  a. Refrain from driving recklessly in a careless or wanton manner without regard for the safety of others (OKLA. STAT. tit. 47, § 11-901); and/or

  b. Devote his full time and attention to driving (OKLA. STAT. tit. 47, § 11-901b).

29. Defendant Canard breached his duty owed to others, including Plaintiff, in one or more of the following ways:

  a. Operating the vehicle while distracted;

  b. Failing to keep a proper lookout; or

  c. Failing to yield the right of way.

30. Defendant Canard's failure or refusal to obey and carry out the duties imposed upon him by Oklahoma's Rules of the Road caused a violent, catastrophic collision, which injured Plaintiff.

31. Defendant Bill Davis Trucking is vicariously liable for the negligent acts and/or omissions of its agent, employee or servant, Defendant Canard, through the doctrine of respondeat superior.

32. As a direct and proximate result of the Defendant Canard's negligence, Plaintiff

suffered grave bodily injury, endured pain and suffering, suffered lost wages and potential earnings and has incurred other consequential harms and losses, all in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

33. The aforesaid conduct of the Defendant Bill Davis Trucking, Inc. and Defendant Canard, individually and/or on behalf of Bill Davis Trucking, Inc. constitutes a deliberate disregard for the rights and safety of others for which Plaintiff seeks punitive damages pursuant to Oklahoma law.

## COUNT III:
## NEGLIGENT ENTRUSTMENT, SUPERVISION, HIRING AND FAILURE TO TRAIN AGAINST DEFENDANT BILL DAVIS TRUCKING

34. Plaintiff realleges and reincorporates all previous paragraphs as though fully set forth herein.

35. Defendant Bill Davis Trucking was negligent in entrusting its dangerous instrumentality, namely the semi-tractor, to Defendant Canard.

36. Defendant Bill Davis Trucking was negligent in hiring and/or retaining and/or contracting with Defendant Canard to drive the subject semi-tractor.

37. Defendant Bill Davis Trucking was negligent in training Defendant Canard to safely operate and drive the subject semi-tractor.

38. Defendant Bill Davis Trucking were negligent in supervising Defendant Canard to safely operate and drive the subject semi-tractor.

39. Defendant Bill Davis Trucking was negligent by failing to exercise ordinary care to determine the fitness of their employee/agent/servant, Defendant Canard, to safely operate and drive the subject semi-tractor.

40. Defendant Bill Davis Trucking was negligent in training Defendant Canard to safely

operate and drive the subject semi-tractor.

41. Defendant Bill Davis Trucking had a duty to use ordinary care to avoid lending or allowing a person it knew or reasonably should have known was reckless to use its semi-tractor.

42. As a result of Defendant Bill Davis Trucking's negligence in entrusting the semi-tractor to Defendant Canard, negligence in hiring/retaining/contracting Defendant Canard, negligence in training Defendant Canard, and negligence in supervising Defendant Canard, Plaintiff suffered damages and is entitled to recover actual and punitive damages against Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant Bill Davis Trucking Inc., Defendant Canard, and Defendant IAT Insurance Group for actual damages in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, and further Plaintiff prays for a judgment for punitive damages against Defendant Bill Davis Trucking Inc., Defendant Canard, and Defendant IAT Insurance Group for their reckless disregard of the rights of others in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, as well as for Plaintiff's costs incurred herein, and for all such other and further relief as the court deems just and proper.

Respectfully submitted,

*[signature]*

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

Michael D. Denton, Jr., OBA # 13939
Austin C. Walters, OBA #33363
DENTON LAW FIRM
925 West State Highway 152
Mustang, Oklahoma 73064
Telephone: (405) 376-2212
Facsimile: (405) 376-2262

michael@dentonlawfirm.com
austin@dentonlawfirm.com
ATTORNEYS FOR PLAINTIFF